UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRYAN GUZMAN-MICHEL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-146-JD-MGG |
| WESTVILLE CORRECTIONAL FACILITY and JOHN GALIPEAU, | |
| Defendants. | |

OPINION AND ORDER

Bryan Guzman-Michel, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Guzman-Michel sues the Westville Correctional Facility and its warden, John Galipeau, alleging that the conditions he is held in violate the Eighth Amendment. Specifically, he alleges that in 4 Dorm, where he is housed, as well as in all the other housing units at Westville, the bathrooms and shower areas have massive growths of black mold. Guzman-Michel alleges that since coming to Westville more than two and a

half years ago, he has developed respiratory problems, consisting of shortness of breath, constant fits of coughing, sore throats from excessive coughing, chest pain, and mucus buildup in his airways and lungs. He says he has had multiple spells of bronchitis.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). The Constitution does not mandate comfortable prisons, but inmates are entitled to adequate ventilation, clothing, and sanitation. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). On the subjective prong, the prisoner must allege deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Guzman-Michel does not state a claim against either defendant. Westville Correctional Facility is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to Warden Galipeau, even assuming the allegations of black mold rise to the level of a sufficiently serious deprivation, the complaint does not plausibly allege the warden had the subjective awareness necessary

to be held liable. There is no indication that the warden was aware of the problem with the mold, nor does Guzman-Michel allege what steps he took to make prison officials aware of the problem and what steps, if any, officials took to remedy the problem. Warden Galipeau cannot be held liable simply because he is in charge of overseeing the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Guzman-Michel also alleges the drinking water from the faucets is brown or rust-colored, and this water is also used when preparing their food. He says the only other alternative to drinking this water is to purchase bottled water from commissary.

Guzman-Michel's complaints about the water do not meet the objective prong of an Eighth Amendment violation. Brown or rusty water does not, on its own, mean water is unsafe to drink. *See* Ultimate Guide: Discolored Tap Water, https://mytapscore.com/blogs/tips-for-taps/the-complete-guide-to-discolored-tap-water#section2 (last visited Oct. 19, 2023) (noting that brown water is usually caused by sediment or iron/rust, which may be unappealing but does not make the water unsafe to drink). He does not allege any harmful effects to him that could have been caused by drinking this water.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Guzman-Michel may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898

3

F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Bryan Guzman-Michel until **November 22, 2023**, to file an amended complaint; and

(2) CAUTIONS Bryan Guzman-Michel if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 19, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT

4