UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYAN GUZMAN-MICHEL,

    Plaintiff,

    v.

JOHN GALIPEAU, et al.,

    Defendants.

CAUSE NO. 3:23-CV-146-JD-SJF

OPINION AND ORDER

Bryan Guzman-Michel, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Maintenance Supervisor Adam Liedy, Warden John Galipeau, and Commissioner Robert Carter in their individual capacities for compensatory and punitive damages for deliberate indifference to his conditions of confinement by (a) maintaining an inadequate ventilation and exhaust system, which causes exposure to mold, asbestos, secondhand smoke, airborne illnesses, and high temperatures in the summer; (b) failing to maintain the windows to prevent extreme temperatures in the winter and to prevent mosquito infestations in the summer; (c) providing contaminated water; and (d) providing inadequate, unsanitary bathrooms in violation of the Eighth Amendment[.]" ECF 17 at 5-6. Second, he is proceeding "against Warden John Galipeau in his official capacity for injunctive relief in the form of conditions of confinement that are not inconsistent with the Eighth Amendment[.]" *Id.* at 6. On July 22, 2024, the defendants filed a motion for summary judgment, arguing

Guzman-Michel didn't exhaust his administrative remedies before filing this lawsuit. ECF 27. With the motion, the defendants provided Guzman-Michel the notice required by N.D. Ind. L.R. 56-1(f). ECF 30. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over four months ago, but Guzman-Michel hasn't responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Guzman-Michel's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 27-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3; ECF 27-2 at 3. Guzman-Michel's grievance records show he never submitted any grievance at WCF related to his claims in this lawsuit. ECF 27-1 at 6. Specifically, there are no

---

[1] Because Guzman-Michel has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Guzman-Michel's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

records showing Guzman-Michel attempted to submit any grievance related to any of the events in his complaint, and there are no grievances on file that could be associated with the events Guzman-Michel alleged in this lawsuit. *Id.*; ECF 27-3.

Here, the defendants have met their burden to show Guzman-Michel didn't exhaust his available administrative remedies before filing this lawsuit, as they provide undisputed evidence Guzman-Michel never submitted any grievance at WCF related to his claims in this lawsuit. Guzman-Michel provides no evidence he ever submitted any relevant grievance, and does not argue or provide any evidence his administrative remedies were in any way unavailable. Therefore, because the undisputed facts show Guzman-Michel did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 27);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Bryan Guzman-Michel and to close this case.

SO ORDERED on January 21, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT